**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**MICHAEL A. CRABTREE, as CHIEF EXECUTIVE OFFICER OF THE CENTRAL PENSION FUND OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS AND PARTICIPATING EMPLOYERS
4115 Chesapeake Street, N.W.
Washington, D.C. 20016,**

**Plaintiff,**

**v.**

**CAO-DAC CORPORATION
500 Giles Place
Sterling, Virginia 20164,**

**Serve: Registered Agent Iris I. Gonzalez
500 Giles Place
Sterling, Virginia 20164,**

**Defendant.**

**COMPLAINT**

**(TO COLLECT CONTRIBUTIONS AND DAMAGES DUE TO EMPLOYEE BENEFIT FUND AND FOR EQUITABLE RELIEF)**

Plaintiff, pursuant to Federal Rule of Civil Procedure 8(a), hereby alleges the following:

**PARTIES**

1. Plaintiff, Michael A. Crabtree, is the Chief Executive Officer of the Central Pension Fund of the International Union of Operating Engineers and Participating Employers ("Central Pension Fund"). The Central Pension Fund is an employee benefit plan as that term is defined in Section 3(1) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1002(1). The Central Pension Fund is a

multiemployer plan as that term is defined in Section 3(37) of ERISA, 29 U.S.C. § 1002(37). The Central Pension Fund was established and is maintained in accordance with its Restated Agreement and Declaration of Trust. The Central Pension Fund is administered by the Trustees at 4115 Chesapeake Street, N.W., Washington, D.C. 20016. The Plaintiff is a designated fiduciary in accordance with the Central Pension Fund's Restated Agreement and Declaration of Trust and as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

2. Defendant, Cao-Dac Corporation, is a Virginia corporation and has a place of business at 500 Giles Place, in Sterling, Virginia, and at all times relevant to this action has been an "employer in an industry affecting commerce" as defined in Sections 3(5), (9), (11), and (12) of ERISA, 29 U.S.C. §§ 1002(5), (9), (11) and (12), and Section 3 of the Multi-Employer Pension Plan Amendments Act of 1980, 29 U.S.C. §§ 1001a.

**JURISDICTION AND VENUE**

3. This is an action to collect contributions and related amounts due to an employee pension benefit plan under the terms of a collective bargaining agreement and for related equitable relief. This Court has subject matter jurisdiction of this action under §§ 502(a)(3), (g) and 515 of ERISA, 29 U.S.C. § § 1132(a)(3), (g) and 1145.

4. This Court has personal jurisdiction over the Defendant pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

5. Venue is proper in this district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

**FACTS**

6. Defendant has been bound to and signatory at all relevant times to a Collective Bargaining Agreement with International Union of Operating Engineers Local Union No. 99 and a Participating Agreement ("Collective Bargaining Agreement") that govern the wages, benefits and terms and conditions of employment of covered employees such as apprentices and journeymen performing work covered by the Collective Bargaining Agreement and working at the Coast Guard Facility location.

7. Pursuant to the Collective Bargaining Agreement, Defendant agreed to report, furnish payroll records, and pay to the Plaintiff certain sums of money as provided in the Collective Bargaining Agreement for each hour paid to employees of the Defendant performing work covered by the Collective Bargaining Agreement.

8. For the period of October 2017 through December 2017 Defendant employed employees performing work under the Collective Bargaining Agreement.

9. During this period of time, Defendant failed to report and pay to the Plaintiff contributions owed under the Collective Bargaining Agreement.

10. Pursuant to the Collective Bargaining Agreement and Plaintiff's Restated Agreement and Declaration of Trust, an employer who fails to pay required contributions is liable for liquidated damages.

11. Pursuant to the Collective Bargaining Agreement and Plaintiff's Restated Agreement and Declaration of Trust an employer who fails to pay required contributions is liable for interest.

12. Pursuant to the Collective Bargaining Agreement and Plaintiff's Restated Agreement and Declaration of Trust an employer who fails to pay required contributions is liable for all costs, attorneys' fees and audit fees.

**COUNT I**

**(UNPAID CONTRIBUTIONS AND DAMAGES OWED TO EMPLOYEE PENSION BENEFIT FUND)**

13. Plaintiff hereby restate and incorporate by reference the allegations set forth in paragraphs 1 through 12 as if fully set forth in this Count I.

14. The Defendant has failed to report and pay contributions owed to the Plaintiff as required by the Collective Bargaining Agreement for the work months of October through December 2017. The exact amount due is unknown, but is estimated to be approximately $50,000.00 for the months of October through December 2017.

15. By virtue of the failure to report and pay contributions as contractually required, the Defendant is in contravention of the Collective Bargaining Agreement and the obligations under the Plaintiff's Restated Agreement and Declaration of Trust, and Section 515 of ERISA.

16. Defendant has failed to pay liquidated damages and interest for late and unpaid contributions owed to the Plaintiff.

17. The Plaintiff is entitled to judgment for all contributions owed, plus all unpaid liquidated damages and interest owed on late and unpaid contributions, plus costs and attorneys' fees to the date of judgment.

18. Plaintiff will seek a judgment in this action against the Defendant for all contributions, interest, liquidated damages, attorneys' fees and costs which become due, or are estimated to be due, subsequent to the filing of this action, during the pendency of this action, and up to the date of judgment.

**COUNT II**

**(AUDIT)**

19. Plaintiff hereby restate and incorporate by reference the allegations set forth in paragraphs 1 through 18 as if fully set forth in this Count II.

20. An audit of the Defendant's records from October 2017 to the present will permit the Plaintiff to determine whether the Defendant properly is reporting the number of employees working under the Collective Bargaining Agreement, the correct number of hours paid to the employees and the amount owed to the Plaintiff.

21. Under the terms of the Plaintiff's Restated Agreement and Declaration of Trust, Plaintiff is entitled to conduct an audit of Defendant's payroll records at the Defendant's expense.

**WHEREFORE,** Plaintiff prays judgment for Counts I and II against Defendant as follows:

A. For a Court Order requiring Defendant to submit all payroll books and records to Plaintiff for audit at the Defendant's cost for the work months of October 2017 through and including the date of judgment.

B. For unpaid contributions due and owing to the Plaintiff in the amount determined owing pursuant to the audit for the period of October 2017 to the date of judgment.

C. In the absence of an audit, for such amount of contributions estimated to be owing to the Plaintiff for the period of October 2017 to the date of judgment.

D. For any and all liquidated damages and interest owed to the Plaintiff which become due up to the date of judgment plus costs, audit and reasonable attorneys' fees pursuant to the Collective Bargaining Agreement, Restated Agreement and Declaration of Trust and 29 U.S.C. § 1132(g)(2).

E. Such further relief as the Court deems appropriate.

Respectfully submitted,

Dated: January 29, 2018

By: ____________________________

R. Richard Hopp (Bar No. 432221)
**O'DONOGHUE & O'DONOGHUE LLP**
5301 Wisconsin Avenue, N.W.
Eighth Floor
Washington, D.C. 20015
Telephone: (202) 362-0041
Facsimile: (202) 327-1200
rhopp@odonoghuelaw.com

*Attorney for the Plaintiff*